Judge Hellerstein    07 CV 6215

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X

JOSE MEDINA,

                Plaintiff,

CASE NO:

COMPLAINT

PLAINTIFF
DEMANDS
TRIAL BY JURY

-against-

THE CITY OF NEW YORK,
NEW YORK CITY POLICE
OFFICERS JANE/JOHN DOE #'s 1-3,

                Defendant,
———————————————————————X

    PLAINTIFF JOSE MEDINA, by his attorney DAVID A. ZELMAN, Esq., for his COMPLAINT, alleges upon information and belief, as follows:

### I. PRELIMINARY STATEMENT

1.     This is a civil rights action in which JOSE MEDINA (hereinafter "MEDINA") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. On or about March 31, 2007, at approximately 8:45 PM, MEDINA was falsely arrested by NEW YORK CITY POLICE OFFICERS JANE/JOHN DOE(S) #'s 1-3 (hereinafter "DOE(S)"). During and following the arrest and detention, excessive force was used. As a result of the incident,

1

MEDINA suffered loss of earnings, loss of enjoyment of life, physical injury, mental anguish, shame, humiliation, indignity, and damage to reputation, economic damages, among other damages. Plaintiff appends state and federal law claims.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the Untied States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3. MEDINA resides at 351 East 152nd Street, Apartment 4D, Bronx, NY 10457.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendants DOE(S) were NYPD Officers, and at all relevant times hereto, acted in that capacity as an agents, servants, and/or employees of Defendant CITY and within the scope of their employment. At all relevant times hereto, DOE(S) were acting under the color of state and local law. Defendants DOE(S) are sued in their individual and official capacities.

## IV. FACTS

6. On or about March 31, 2007 at approximately 8:45 P.M. MEDINA was standing outside at or about the intersection of Courtland Avenue and East 152nd Street, Bronx, New York.

7. Defendants approached MEDINA and asked him for identification.

8. MEDINA insisted he had done nothing wrong and asked why the Defendants wanted his identification. Defendants insisted that MEDINA give them identification. MEDINA again asked the Defendants why they were requiring identification.

9. Defendants refused to answer and proceeded to punch and kick MEDINA.

10. MEDINA protested his innocence.

11. Defendants punched MEDINA in the back of the head and face and then threw him onto the ground. Defendants, while handcuffing him, proceeded to punch and kick him violently which created pools of blood on the sidewalk. The assault resulted in serious physical injury.

12. Defendants then placed MEDINA in a patrol car and told MEDINA's wife Marcia (hereinafter "MARCIA") that they were taking him to a precinct. However, and for reasons unknown, Defendants dropped a dazed MEDINA on 147th Street.

13. MEDINA was never charged with any crime. MEDINA was hospitalized for one night and treated for injuries which required him to return to the hospital on two separate occasions.

14. That heretofore and on the 11st day of June, 2007, MEDINA's Notice of Claim

and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of MEDINA, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

15. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

### V. FIRST CAUSE OF ACTION
### Pursuant to § 1983 (FALSE ARREST)

16. Paragraphs 1 through 15 are hereby realleged and incorporated by reference herein.

17. That Defendants had neither valid evidence for the arrest of MEDINA nor legal cause or excuse to seize and detain him.

18. That in detaining MEDINA without a fair and reliable determination of probable cause, Defendants abused their power and authority as a policymaker of the NYPD under the color of State and/or local law.

19. Defendants intended to confine MEDINA.

20. That MEDINA was conscious of the confinement and did not consent to the confinement.

21. That the confinement was not otherwise privileged.

22. That Defendants had no legal cause nor excuse to detain MEDINA.

23. That Defendants subjected MEDINA to an excessive detention in violation of MEDINA's civil rights.

24. That Defendants should have expeditiously investigated this matter and released MEDINA immediately.

25. By reason of Defendants acts and omissions, defendant acting under the color of state law and within the scope of their authority, in gross and wanton disregard of MEDINA's rights, deprived MEDINA of his liberty when they subjected MEDINA to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

26. That in so acting, Defendants abused their power and authority as officers of the NYPD under the color of State and /or local law.

27. That upon information and belief, Defendants had a policy and/or custom of arresting and detaining individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, MEDINA was arrested despite the fact that he had not violated any law or committed any crime.

28. That upon information and belief it was the policy and /or custom of defendant NYPD to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

29. That as a result of the above described policies and customs, the officers, staff,

agents and employees of defendant NYPD believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

30. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant NYPD to the constitutional rights of arrestees and were the cause of the violations of MEDINA's rights alleged herein.

31. That by reason of the foregoing, MEDINA suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

32. Paragraphs 1 through 31 are hereby realleged and incorporated by reference herein.

33. That the seizure, detention and imprisonment of MEDINA was unlawful in that Defendant had no probable cause to detain, arrest and/or imprison MEDINA.

34. That Defendants intended to confine MEDINA.

35. That MEDINA was conscious of the confinement and did not consent to the confinement.

36. That the confinement was not otherwise privileged.

37. By reason of Defendants' acts and/or omissions, Defendants, acting in gross and

wanton disregard of MEDINA' rights, deprived MEDINA of his liberty when they subjected MEDINA to an unlawful, illegal and excessive detention, in violation of State law.

38. That by reason of the foregoing, MEDINA suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

39. Paragraphs 1 through 38 are hereby realleged and incorporated by reference herein.

40. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

41. That Defendants had no legal cause or reason to use excessive force in effectuating MEDINA arrest.

42. That Defendants violated MEDINA Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

43. That at the time of the arrest, MEDINA did not pose a threat to the safety of the arresting officers.

44. That MEDINA was not actively resisting arrest or attempting to evade arrest.

45. That defendant CITY, through its officers, agents, and employees, unlawfully

subjected MEDINA to excessive force while effectuating his arrest.

46. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

47. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of MEDINA rights, subjected MEDINA to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

48. That upon information and belief, in 2007, defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

49. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

50. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

51. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of MEDINA rights alleged herein.

52. By reason of the foregoing, MEDINA suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### VIII. FOURTH CAUSE OF ACTION
**Pursuant to State Law (EXCESSIVE FORCE)**

53. Paragraphs 1 through 52 are hereby realleged and incorporated by reference herein.

54. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

55. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

56. That Defendants had no legal cause or reason to use excessive force in effectuating MEDINA arrest.

57. That at the time of the arrest, MEDINA did not pose a threat to the safety of the arresting officers.

58. That MEDINA was not actively resisting arrest or attempting to evade arrest.

59. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

60. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard

of MEDINA rights, subjected MEDINA to excessive force while effectuating his arrest, in violation of the laws of the State of New York.

61. By reason of the foregoing, MEDINA suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## IX. FIFTH CAUSE OF ACTION
### Pursuant to State Law (ASSAULT and BATTERY)

62. Paragraphs 1 through 61 are hereby realleged and incorporated by reference herein.

63. That Defendants intended to cause harmful bodily contact to MEDINA.

64. That defendant Defendants, in a hostile manner voluntarily caused MEDINA'S injuries.

65. That Defendants contact with MEDINA constituted a battery in violation of the laws of the State of New York.

66. That by reason of the foregoing, MEDINA suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

67. Paragraphs 1 through 66 are hereby realleged and incorporated by reference herein.

68. That Defendants were acting in furtherance of the duties owed to their employer,

defendant CITY.

69. That at all times Defendants were acting within the scope of their employment.

70. That Defendant CITY was able to exercise control over Defendants activities.

71. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior.

72. By reason of the foregoing, MEDINA suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, MEDINA has suffered and will continue to suffer, physical pain, emotional pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, MEDINA respectfully requests that judgment be entered:

1. Awarding MEDINA compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding MEDINA punitive damages in an amount to be determined by a jury;

3. Awarding MEDINA interest from March 31, 2007; and

4. Awarding MEDINA reasonable attorney's fees pursuant to 42 USC

§1988; and

5. Granting such other and further relief as to this Court seems proper.

DATED: Brooklyn, New York
July 2, 2007

_____
DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072