

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**SARAH B. EVANS**
*Assistant Corporation Counsel*
Phone: (212) 788-1041
Fax: (212) 788-9776
saevans@law.nyc.gov

May 19, 2008

[Handwritten annotation: Each witness' statement, to the extent reflected in the investigator's interview notes, shall be produced for inspection at the witness' respective dep'n, after the conclusion of direct testimony, with right of the adverse party's counsel to cross-examine thereon. See FRE 612 (2).
/s/ AKH 5-21-08]

[Stamp: RECEIVED MAY 19 2008 CHAMBERS OF ALVIN K. HELLERSTEIN U.S.D.J.]

**BY FAX**

*Fax*: (212) 805-7942
Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Jose Medina v. City of New York, et al., 07 Civ. 6215 (AKH)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to handle the defense of this matter. I write to respectfully request that the Court Order plaintiff to provide defendants' counsel with copies of witness statements in his possession, which were drafted by an Investigator and signed by each of the alleged witnesses.

      In accordance with Rule 2(E) of Your Honor's Individual Practices, I have attempted to confer with plaintiff's counsel, David Zelman, Esq., pursuant to Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure regarding this application and I have made efforts to submit one joint letter on behalf of both parties. I first wrote to plaintiff on May 1, 2008 to request that he provide the requested discovery by May 9, 2008, to avoid Court intervention, to which plaintiff did not respond. Thereafter, on May 15, 2008, I faxed plaintiff a draft of the below letter to the Court and requested that he provide plaintiff's response/portion, on or before 9:00 a.m. on May 19, 2008, in order for the parties to submit a joint letter to the Court in compliance with Your Honor's Individual Rules. I indicated that I intended to submit the instant letter to the Court on May 19, 2008 at approximately 11:00 a.m. On May 19, 2008 at approximately 1:30 p.m., I telephoned plaintiff to inquire as to whether he intended to provide a written response to defense counsel's letter. Because Mr. Zelman was not in the Office, I left a detailed message with his secretary, who indicated that she would email him and that he would contact me. To date, I have not received a response from plaintiff's counsel and therefore submit this letter herein without plaintiff's response/portion. In this regard, I respectfully submit that I attempted

in good faith to comply with Your Honor's Individual Rules and respectfully request that Your Honor treat this letter as a joint application in that plaintiff had ample opportunity to provide his portion/response and/or to contact defense counsel regarding this issue, but failed to do so.

By way of background, plaintiff's counsel identified the existence of seven witness statements in a purported "Privilege Log" dated March 6, 2008. See Plaintiff's Letter Dated March 6, 2008, annexed hereto as Exhibit "A." Plaintiff's counsel indicated that these witness statement were not being produced, and asserted that the statements were privileged as work-product and because they were generated in anticipation of litigation. See id. By letter dated May 1, 2008, defense counsel requested that plaintiff provide copies of these witness statements as they are not protected by the work-product privilege and because defendants have a substantial need for copies of same in advance of any depositions in this matter. See Defense Counsel's May 1, 2008 Letter to Plaintiff, annexed hereto as Exhibit "B." We requested that plaintiff provide copies of the statements on or before May 9, 2008, or we would be forced to seek Court intervention. Id. To date, over two weeks later, plaintiff has not provided the witness statements, and he has not contacted defense counsel regarding same or any other matter in this case.

As explained more fully below, defendants respectfully request that the Court Order plaintiff to produce these seven witness statements, and any other witness statements in his possession, pertaining to this action as they are not protected by the work-product privilege, and defendants have a substantial need for copies of the statements in advance of any depositions in this matter.

It is defendants' position that plaintiff fails to establish a basis for the application of a privilege and that his general assertion of privilege is insufficient. See e.g. Sheikhan v. Lenox Hill Hospital, 98 Civ. 6468 (WHP), 1999 U.S. Dist. LEXIS 8770, at * 6 (S.D.N.Y. 1999). The plaintiff bears the burden of showing the basis for the application of the privilege in his privilege log. Smith v. The Conway Organization, Inc., 92 Civ. 7329 (RWS), 1994 U.S. Dist. LEXIS 4000, at *11 (S.D.N.Y. 1994). In United States of America v. Construction Products Research, Inc., et. al., 73 F.3d 464 (2d Cir. 1996), the Court rejected generalized assertions of privilege, and held that a privilege log should:

> Identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure. Other required information, such as the relationship between...individuals not normally within the privileged relationship, is then typically supplied by affidavit or deposition testimony. Even under this approach, however, *if the party invoking the privilege does not provide sufficient detail to demonstrate fulfillment of all the legal requirements for application of the privilege, his claim will be rejected.*

Id. at 473 (emphasis added) (citation omitted). Courts in the Second Circuit have held that failure to comply with privilege log requirements may result in a finding that the privilege has

- 2 -

been waived. See e.g., Chase Manhattan Bank, N.A. v. Turner & Newall, PLC, 964 F.2d 159, 166 (2d Cir. 1992); OneBeacon Insurance Co. v. Forman Int'l Ltd., 2006 U.S. Dist. LEXIS 90970 (S.D.N.Y. Dec. 2006) (refusing to uphold a claim of privilege where privilege log entries fail to provide adequate information to support the claim).

In reviewing the document plaintiff entitled "Privilege Log," dated March 6, 2008, defendants submit that plaintiff fails to establish a basis for the application of a privilege. It appears from a review of the purported Privilege Log that the documents are the verbatim statements of witnesses provided to an Investigator. As such, it is defendants' position that the statements should be produced regardless of attorney involvement in their creation, especially if they are signed or recorded by these alleged witnesses. See e.g. Nimely v. City of New York, et. al., 98 CV 6925 (CRW) (SMG), Docket Entry #24, entered April 27, 2000 (holding that "plaintiff's objection to disclosure of witness statements, invoking work-product protection, is overruled. These being signed statements of the witnesses, they are discoverable despite counsel's participation in their preparation").[1]

Moreover, on the face of the privilege log prepared by plaintiff's counsel and produced to this Office, the seven documents are merely the statements of witnesses, and could not disclose plaintiff's counsel's thought processes or attorney litigation strategies. Therefore, the work-product privilege does not apply and plaintiff should be ordered to produce copies of these statements to defense counsel.

Finally, even if the statements are covered by the work-product privilege, defendants have a substantial need for copies of the witness statements in advance of depositions, which overcomes any purported privilege. Defendants note in this regard that plaintiff's deposition has been noticed for June 3, 2008.

Work-product protection is qualified, and a party may obtain work-product materials upon a showing of "substantial need of the materials in preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials . . . ." Fed. R. Civ. P. 26(b)(3); Abdell v. City of New York, 05 Civ. 8453 (KMK) (JCF), 2006 U.S. Dist. LEXIS 66114, at *23 - *24 (S.D.N.Y. Sept. 14, 2006) (ordering disclosure of police officer statements to DA over work-product objection); cf. United States v. Nobles, 422 U.S. 225, 230 - 31 (1975) (in a criminal case, an investigators' record of a witness statement should be produced by the defendant where the investigator testifies regarding the statement); Doubleday v. Ruh, 149 F.R.D. 601, 608 (E.D. Cal. 1993) (substantial need for notes of prior statements because "the passage of time and the present, potential bias of the defendants may color recollections such that what was said at the time cannot be accurately deciphered" through depositions).

---

[1] These statements are also not protected by the attorney-client privilege. See e.g., Hickman v. Taylor, 329 U.S. 495, 508 (1947) (holding that privilege does not protect facts which an attorney obtains from independent sources and then conveys to his client); Standard Chartered Bank PLC v. Ayala Int'l Holdings (U.S.) Inc., No. 85 Civ. 3473 (LBS), 1986 U.S. Dist. LEXIS 22789, at *16 (S.D.N.Y. 1986) (holding that documents which merely communicate information obtained from independent sources are not protected by the attorney-client privilege).

It is defendants' position that we are entitled to cross-examine these potential witnesses on the basis of their prior statements. Moreover, it is defendants' position that we should be entitled to review these statements in advance of plaintiff's deposition on June 3, 2008. It appears that the majority of these alleged witness statements were provided on June 15, 2007, almost one year ago, and one month before the complaint was filed on plaintiff's behalf. Due to the passage of time and the fact that these prior statements exist, it is defendants' position that our need for the statements overcomes any purported work-product protection. See e.g. Abdell, 2006 U.S. Dist. LEXIS, at *24 (plaintiff's need for witness statements overcame work-product protection due to passage of time).

Accordingly, for the reasons explained above, we respectfully request that the Court Order plaintiff to produce copies of the seven witness statements identified in the "Privilege Log," and copies of any other witness statements he may have in his possession pertaining to this action, by a date certain before plaintiff's June 3, 2008 deposition.

In view of the foregoing, it is respectfully requested that the Court grant the within request. Thank you for your consideration in this matter.

Respectfully submitted,

Sarah B. Evans
Assistant Corporation Counsel

cc:   David A. Zelman, Esq. (By fax)
      612 Eastern Parkway
      Brooklyn, New York 11225
      *Fax*: (718) 604-3074

# LAW OFFICE OF DAVID A. ZELMAN
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072
Fax (718) 604-3072

March 6, 2008

Via Fax: 212 788 9776
Jennifer Rubin, Esq.
Corporation Counsel
City of New York
100 Church Street
New York, NY 10007

Re: Medina v. City of New York et al.
Case #: 07 CV 6215
**PRIVILEGE LOG**

Dear Ms. Rubin:

In compliance with Local Rule 26.2, the following is a privilege log regarding seven witness statements. All seven of the following statements were drafted by our investigator Gillian Thompson at the request of plaintiff's counsel.

The first statement was signed by Joel Angeles, a witness to the March 31, 2007 incident. It is three pages. It discusses recollections of the March 31, 2007 incident and aftermath. It was signed on June 15, 2007 in New York State. It is in a memorandum format.

The second statement was signed by Wilmer Lagos, a witness to the March 31, 2007 events. It is two pages. It discusses the March 31, 2007 incident and aftermath. It was signed on June 15, 2007 in New York State. It is in a memorandum format.

The third statement was signed by Juan Diaz, a witness to events that occurred after the March 31, 2007 assault. It is two pages, and discusses the witness observations of events following the incident. It was signed on June 15, 2007 in New York State. It is in memorandum format.

The fourth statement was signed by Alberto Roman, a witness to the March 31, 2007 events. It is three pages. It discusses recollections of the incident and it's aftermath. It was signed on June 15, 2007 in New York State. It is in memorandum format.

The fifth statement was signed by Noel Castello, a witness to some of the March 31, 2007 incident. It is two pages. It discusses recollections of events from before and after the assault. It was signed on June 15, 2007 in New York State. It is in memorandum format.



EXHIBIT "A"

The sixth statement was signed by Marcia Almanzar, a witness to events following the March 31, 2007 incident. It is two pages, and discusses recollections of events that occurred after the incident. It was signed on June 15, 2007 in New York State. It is in memorandum format.

The seventh statement was signed by Juan Rodriguez, a witness to events that occurred on March 31, 2007. It is three pages, and discusses recollections of the incident. It was signed on February 21, 2008 in New York State. It is in memorandum format.

The work product privilege is asserted as to each of these statements as they are witness statements prepared in anticipation of litigation and during the pendency of the above action. Each witness was identified in the Rule 26(A) disclosures except for Juan Rodriguez. An update to the Rule 26(A) disclosures will be sent in separate cover to include Mr. Rodriguez.

Best Regards,

David A. Zelman, Esq.



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

SARAH B. EVANS
*Assistant Corporation Counsel*
Phone: (212) 788-1041
Fax: (212) 788-9776
saevans@law.nyc.gov

May 1, 2008

**BY FAX AND FIRST-CLASS MAIL**
*Fax*: 718-604-3072
David A. Zelman, Esq.
Attorney for Plaintiff
612 Eastern Parkway
Brooklyn, New York 11225

    Re:    <u>Jose Medina v. City of New York, et al.</u>, 07 Civ. 6215 (AKH)

Dear Mr. Zelman:

    As you know, I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to handle the defense of this matter. I write further to your letter dated March 6, 2008 in which you purport to provide a "Privilege Log" regarding seven witness statements which were drafted by an Investigator and signed by each of the alleged witnesses. In your letter, you identify these seven statements, indicate that they are not being produced, and assert that the statements are privileged as work-product and because they were generated in anticipation of litigation. I write to respectfully request that plaintiff provide copies of these witness statements on or before <u>May 9, 2008</u>, to avoid Court intervention, as they are not protected by the work-product privilege and defendants have a substantial need for copies of the statements in advance of any depositions in this matter. As you also know, discovery is scheduled to close on June 30, 2008.

    It is defendants' position that you fail to establish a basis for the application of a privilege and that your general assertion of privilege is insufficient. See e.g. <u>Sheikhan v. Lenox Hill Hospital</u>, 98 Civ. 6468 (WHP), 1999 U.S. Dist. LEXIS 8770, at * 6 (S.D.N.Y. 1999). The plaintiff bears the burden of showing the basis for the application of the privilege in his privilege log. <u>Smith v. The Conway Organization, Inc.</u>, 92 Civ. 7329 (RWS), 1994 U.S. Dist. LEXIS 4000, at *11 (S.D.N.Y. 1994). In <u>United States of America v. Construction Products Research, Inc., et. al.</u>, 73 F.3d 464 (2d Cir. 1996), the Court rejected generalized assertions of privilege, and held that a privilege log should:

EXHIBIT "B"

> Identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure. Other required information, such as the relationship between...individuals not normally within the privileged relationship, is then typically supplied by affidavit or deposition testimony. Even under this approach, however, *if the party invoking the privilege does not provide sufficient detail to demonstrate fulfillment of all the legal requirements for application of the privilege, his claim will be rejected.*

Id. at 473 (emphasis added) (citation omitted). Courts in the Second Circuit have held that failure to comply with privilege log requirements may result in a finding that the privilege has been waived. See e.g., Chase Manhattan Bank, N.A. v. Turner & Newall, PLC, 964 F.2d 159, 166 (2d Cir. 1992); OneBeacon Insurance Co. v. Forman Int'l Ltd., 2006 U.S. Dist. LEXIS 90970 (S.D.N.Y. Dec. 2006) (refusing to uphold a claim of privilege where privilege log entries fail to provide adequate information to support the claim).

In reviewing the document you entitled "Privilege Log," dated March 6, 2008, it is defendants' position that you fail to establish a basis for the application of a privilege. It appears from a review of your purported Privilege Log that the documents are the verbatim statements of witnesses provided to an Investigator. As such, it is defendants' position that the statements should be produced regardless of attorney involvement in their creation, especially if they are signed or recorded by these alleged witnesses. See e.g. Nimely v. City of New York, et. al., 98 CV 6925 (CRW) (SMG), Docket Entry #24, entered April 27, 2000 (holding that "plaintiff's objection to disclosure of witness statements, invoking work-product protection, is overruled. These being signed statements of the witnesses, they are discoverable despite counsel's participation in their preparation").[1]

Moreover, on the face of the privilege log prepared by you and produced to this Office, the seven documents are merely the statements of witnesses, and could not disclose your thought processes or litigation strategies as plaintiff's attorney. Therefore, the work-product privilege does not apply and plaintiff should produce copies of these statements to defense counsel.

Finally, it is defendants' position that, even if the statements are covered by the work-product privilege, there is a substantial need for copies of the witness statements in advance of depositions, which would overcome any purported privilege. Work-product protection is qualified, and a party may obtain work-product materials upon a showing of "substantial need of the materials in preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials . . . ." Fed. R. Civ. P.

---

[1] It is defendants' position that these statements are also not protected by the attorney-client privilege. See e.g., Hickman v. Taylor, 329 U.S. 495, 508 (1947) (holding that privilege does not protect facts which an attorney obtains from independent sources and then conveys to his client); Standard Chartered Bank PLC v. Ayala Int'l Holdings (U.S.) Inc., No. 85 Civ. 3473 (LBS), 1986 U.S. Dist. LEXIS 22789, at *16 (S.D.N.Y. 1986) (holding that documents which merely communicate information obtained from independent sources are not protected by the attorney-client privilege).

26(b)(3); Abdell v. City of New York, 05 Civ. 8453 (KMK) (JCF), 2006 U.S. Dist. LEXIS 66114, at *23 -*24 (S.D.N.Y. Sept. 14, 2006) (ordering disclosure of police officer statements to DA over work-product objection); Cf. United States v. Nobles, 422 U.S. 225, 230 - 31 (1975) (in a criminal case, an investigators' record of a witness statement should be produced by the defendant where the investigator testifies regarding the statement); Doubleday v. Ruh, 149 F.R.D. 601, 608 (E.D. Cal. 1993) (substantial need for notes of prior statements because "the passage of time and the present, potential bias of the defendants may color recollections such that what was said at the time cannot be accurately deciphered" through depositions).

It is our position that we are entitled to cross-examine these potential witnesses on the basis of their prior statements. It appears that the majority of these statements were provided on June 15, 2007, almost one year ago, and one month before the complaint was filed on plaintiff's behalf. Due to the passage of time and the fact that these prior statements exist, it is defendants' position that our need for the statements overcomes any purported work-product protection. See e.g. Abdell, 2006 U.S. Dist. LEXIS, at *24 (plaintiff's need for witness statements overcame work-product protection due to passage of time).

Accordingly, we request that plaintiff provide a copy of these witness statements, on or before May 9, 2008, or we will be forced to seek Court intervention to compel same.

Thank you for your attention to the within matters.

Sincerely,

Sarah B. Evans
Assistant Corporation Counsel

- 3 -