UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOSE MEDINA,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
DENNIS AZAMBUJA shield # 00161, POLICE OFFICER
JOHN CAFARELLA shield # 01254, POLICE OFFICER
OLASHINA WILLIAMS shield # 25479, POLICE
OFFICER LEWIS HAMANDEZ shield # 25479, POLICE
OFFICER JASON IRIZARRY shield # 00490, POLICE
OFFICER JORGE TAVARAS shield # 10202, POLICE
OFFICER MARK LEBRINI shield # 04304, POLICE
OFFICER EBENEZER FRIMPONG shield # 20581,

Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE
AMENDED COMPLAINT**

07 CV 6215 (AKH)

**JURY TRIAL DEMANDED**

This document has been
electronically filed.

Defendants City of New York, Sergeant Azambuja, Officer Olahshina Williams,

Officer Mark Lebrini, and Officer Frimpong,[1] by their attorney Michael A. Cardozo, Corporation

Counsel of the City of New York, for their answer to the Amended Complaint, respectfully

allege, upon information and belief, as follows:

1.     Deny the allegations set forth in paragraph "1" of the amended complaint,

except admit that plaintiff purports to bring this action as stated therein.

2.     Deny the allegations set forth in paragraph "2" of the amended complaint,

except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

---

[1] Defendants note, upon information and belief, that the individuals identified in the caption of the amended complaint as Officers "Jorge Tavaras," "Jason Irizarry," "John Cafarella" and "Lewis Hamandez" have not been served with copies of the summons and amended complaint, and they have not requested representation from the Office of the Corporation Counsel.

3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the amended complaint.

4.    Deny the allegations set forth in paragraph "4" of the amended complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York, that the City of New York maintains a police department, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the defendant City and the New York City Police Department.

5.    Deny the allegations set forth in paragraph "5" of the amended complaint, except admit that Dennis Azambuja was employed by the City of New York as a Police Officer in March 2007, and state that the allegations concerning acting within the scope of employment set forth legal conclusions, rather than averments of fact, to which no response is required.

6.    Deny the allegations set forth in paragraph "6" of the amended complaint, except admit that John Cafarella was employed by the City of New York as a Police Officer in March 2007, and state that the allegations concerning acting within the scope of employment set forth legal conclusions, rather than averments of fact, to which no response is required.

7.    Deny the allegations set forth in paragraph "7" of the amended complaint, except admit that Olahshina Williams was employed by the City of New York as a Police Officer in March 2007, and state that the allegations concerning acting within the scope of employment set forth legal conclusions, rather than averments of fact, to which no response is required.

8.    Deny the allegations set forth in paragraph "8" of the amended complaint, and state that the allegations concerning acting within the scope of employment set forth legal conclusions, rather than averments of fact, to which no response is required.

9. Deny the allegations set forth in paragraph "9" of the amended complaint, except admit that Jason Irizarry was employed by the City of New York as a Police Officer in March 2007, and state that the allegations concerning acting within the scope of employment set forth legal conclusions, rather than averments of fact, to which no response is required.

10. Deny the allegations set forth in paragraph 10" of the amended complaint, except admit that Jorge Tavarez (incorrectly identified in the caption of the amended complaint) was employed by the City of New York as a Police Officer in March 2007, and state that the allegations concerning acting within the scope of employment set forth legal conclusions, rather than averments of fact, to which no response is required.

11. Deny the allegations set forth in paragraph "11" of the amended complaint, except admit that Mark Lebrini was employed by the City of New York as a Police Officer in March 2007, and state that the allegations concerning acting within the scope of employment set forth legal conclusions, rather than averments of fact, to which no response is required.

12. Deny the allegations set forth in paragraph "12" of the amended complaint, except admit that Ebenezer Frimpong was employed by the City of New York as a Police Officer in March 2007, and state that the allegations concerning acting within the scope of employment set forth legal conclusions, rather than averments of fact, to which no response is required.

13. Deny the allegations set forth in paragraph "13" of the amended complaint, except admit that plaintiff purports to proceed as stated therein, and state that the allegations concerning acting under color of state law set forth legal conclusions, rather than averments of fact, to which no response is required.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the amended complaint.

15.    Deny the allegations set forth in paragraph "15" of the amended complaint.

16.    Deny the allegations set forth in paragraph "16" of the amended complaint.

17.    Deny the allegations set forth in paragraph "17" of the amended complaint.

18.    Deny the allegations set forth in paragraph "18" of the amended complaint.

19.    Deny the allegations set forth in paragraph "19" of the amended complaint.

20.    Deny the allegations set forth in paragraph "20" of the amended complaint.

21.    Deny the allegations set forth in paragraph "21," except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged injuries and treatment, and admit that plaintiff concedes he was never charged with a crime in connection with the alleged March 31, 2007 incident.

22.    Deny the allegations set forth in paragraph "14"of the amended complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller and that no payment has been made on the purported claim.

23.    Deny the allegations set forth in paragraph "15"of the amended complaint, except admit that no payment has been made on the purported claim.

24.     In response to the allegations set forth in paragraph "24" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "23" inclusive of this answer, as if fully set forth herein.

25.     Deny the allegations set forth in paragraph "25" of the amended complaint.

26.     Deny the allegations set forth in paragraph "26" of the amended complaint.

27.     Deny the allegations set forth in paragraph "27" of the amended complaint.

28.     Deny the allegations set forth in paragraph "28" of the amended complaint.

29.     Deny the allegations set forth in paragraph "29" of the amended complaint.

30.     Deny the allegations set forth in paragraph "30" of the amended complaint.

31.     Deny the allegations set forth in paragraph "31" of the amended complaint.

32.     Deny the allegations set forth in paragraph "32" of the amended complaint.

33.     Deny the allegations set forth in paragraph "33" of the amended complaint.

34.     Deny the allegations set forth in paragraph "34" of the amended complaint.

35.    Deny the allegations set forth in paragraph "35" of the amended complaint.

36.    Deny the allegations set forth in paragraph "36" of the amended complaint.

37.    Deny the allegations set forth in paragraph "37" of the amended complaint.

38.    Deny the allegations set forth in paragraph "38" of the amended complaint.

39.    Deny the allegations set forth in paragraph "39" of the amended complaint.

40.    In response to the allegations set forth in paragraph "40" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "39" inclusive of this answer, as if fully set forth herein.

41.    Deny the allegations set forth in paragraph "41" of the amended complaint.

42.    Deny the allegations set forth in paragraph "42" of the amended complaint.

43.    Deny the allegations set forth in paragraph "43" of the amended complaint.

44.    Deny the allegations set forth in paragraph "44" of the amended complaint.

45.    Deny the allegations set forth in paragraph "45" of the amended complaint.

46.    Deny the allegations set forth in paragraph "46" of the amended complaint.

47.    In response to the allegations set forth in paragraph "47" of the amended complaint, 'defendants repeat and reallege the responses set forth in paragraphs "1" to "46" inclusive of this answer, as if fully set forth herein.

48.    Deny the allegations set forth in paragraph "48" of the amended complaint.

49.    Deny the allegations set forth in paragraph "49" of the amended complaint.

50.    Deny the allegations set forth in paragraph "50" of the amended complaint.

51.    Deny the allegations set forth in paragraph "51" of the amended complaint.

52.    Deny the allegations set forth in paragraph "52" of the amended complaint.

53.    Deny the allegations set forth in paragraph "53" of the amended complaint.

54.    Deny the allegations set forth in paragraph "54" of the amended complaint.

55.    Deny the allegations set forth in paragraph "55" of the amended complaint.

56.    Deny the allegations set forth in paragraph "56" of the amended complaint.

57.    Deny the allegations set forth in paragraph "57" of the amended complaint.

58.    Deny the allegations set forth in paragraph "58" of the amended complaint.

59.    Deny the allegations set forth in paragraph "59" of the amended complaint.

60.    Deny the allegations set forth in paragraph "60" of the amended complaint.

61.    In response to the allegations set forth in paragraph "61" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "60" inclusive of this answer, as if fully set forth herein.

62.    Deny the allegations set forth in paragraph "62" of the amended complaint.

63.    Deny the allegations set forth in paragraph "63" of the amended complaint.

64.    Deny the allegations set forth in paragraph "64" of the amended complaint.

65.    Deny the allegations set forth in paragraph "65" of the amended complaint.

66.    Deny the allegations set forth in paragraph "66" of the amended complaint.

67.    Deny the allegations set forth in paragraph "67" of the amended complaint.

68.    Deny the allegations set forth in paragraph "68" of the amended complaint.

69.    Deny the allegations set forth in paragraph "69" of the amended complaint.

70.    In response to the allegations set forth in paragraph "70" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "69" inclusive of this answer, as if fully set forth herein.

71.    Deny the allegations set forth in paragraph "71" of the amended complaint.

72.    Deny the allegations set forth in paragraph "72" of the amended complaint.

73.    Deny the allegations set forth in paragraph "73" of the amended complaint.

74.    Deny the allegations set forth in paragraph "74" of the amended complaint.

75.    In response to the allegations set forth in paragraph "75" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "74" inclusive of this answer, as if fully set forth herein.

76.    Deny the allegations set forth in paragraph "76" of the amended complaint.

77.    Deny the allegations set forth in paragraph "77" of the amended complaint, except state that the allegations concerning acting within the scope of employment set forth legal conclusions, rather than averments of fact, to which no response is required.

78.    Deny the allegations set forth in paragraph "78" of the amended complaint.

79.    Deny the allegations set forth in paragraph "79" of the amended complaint.

80.    Deny the allegations set forth in paragraph "80" of the amended complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

81.    The amended complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

82.    Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

83.    At all times relevant to the acts alleged in the amended complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

84.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

85.    Plaintiff has failed to comply with New York General Municipal Law §50-e.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

86.    Plaintiff provoked any incident.

- 10 -

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

87.    Punitive damages cannot be recovered against the City of New York.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

88.    At all times relevant to the acts alleged in the amended complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion.  Therefore, it is entitled to governmental immunity from liability.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

89.    The actions of any officer involved were justified by probable cause and/or reasonable suspicion.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

90.    There was reasonable suspicion and/or probable cause for any search.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

91.    There was probable cause for plaintiff's arrest and detention.

## AS FOR A TWELFTH AFFIRMATIVE DEFENSE

92.    Defendants Sergeant Azambuja, Officer Olahshina Williams, Officer Mark Lebrini, and Officer Frimpong have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**WHEREFORE,** defendants City of New York, Sergeant Azambuja, Officer Olahshina Williams, Officer Mark Lebrini, and Officer Frimpong request judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                June 9, 2008

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the City of New York
                                    Attorney for Defendants City of New York,
                                    Sergeant Azambuja, Officer Olahshina Williams,
                                    Officer Mark Lebrini, and Officer Frimpong
                                    100 Church Street,
                                    New York, New York 10007
                                    (212) 788-1041


                          By:          /s/
                                    Sarah B. Evans
                                    Assistant Corporation Counsel
                                    Special Federal Litigation

To:    David Zelman, Esq. (By ECF)

- 12 -