UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x

JOSE MEDINA,

                                        Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER DENNIS
AZAMBUJA shield # 00161, POLICE OFFICER JOHN
CAFARELLA shield # 01254, POLICE OFFICER
OLASHINA WILLIAMS shield # 25479, POLICE
OFFICER LEWIS HAMANDEZ shield # 25479, POLICE
OFFICER JASON IRIZARRY shield # 00490, POLICE
OFFICER JORGE TAVARAS shield # 10202, POLICE
OFFICER MARK LEBRINI shield # 04304, POLICE
OFFICER EBENEZER FRIMPONG shield # 20581,

                                        Defendants.

----------------------------------------------------------------- x

**STIPULATION AND
PROTECTIVE ORDER**

07 CV 6215 (AKH)

        **WHEREAS**, plaintiff has sought certain documents from defendants in discovery

in this action, documents which defendants deem confidential, and

        **WHEREAS**, defendants object to the production of those documents unless

appropriate protection for their confidentiality is assured,

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by

and among the attorneys for plaintiff and defendants, as follows:

        1.      As used herein, "Confidential Materials" shall mean certain personnel and

disciplinary records for Sergeant Dennis Azambuja, Officer Olahshina Williams, Officer Mark

Lebrini, and Officer Frimpong,[1] and the information contained therein; and other documents that

---

[1] Defendants note, upon information and belief, that the individuals identified in the caption of
the amended complaint as Officers "Jorge Tavaras," "Jason Irizarry," "John Cafarella" and
Continued...

may be, from time to time, designated by defendants as "Confidential Materials," except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendant, or (b) are otherwise publicly available.

      2.     The defendants shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to plaintiff's counsel. The defendants shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought by subpoena from third parties, and such documents, if produced to plaintiff, shall be treated as "Confidential Materials" during such reasonable period. The defendants reserve the right to designate any documents confidential pursuant to this agreement if necessary after production of such documents to the plaintiff. If plaintiff objects to the designation of particular documents as "Confidential Materials," plaintiff shall state such objection in writing to the defendants, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then defendants shall, within ten (10) days of receiving plaintiff's objections, move for an order approving such designation.

      3.     Plaintiff's attorney shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action.

      4.     Plaintiff's attorney shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

---

"Lewis Hamandez" have not been served with copies of the summons and amended complaint, and they have not requested representation from the Office of the Corporation Counsel. Once they are served and made parties to this lawsuit, defendants will produce responsive documents concerning these individuals, should any such documents exist.

a. Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.

b. Disclosure before trial may be made only to plaintiffs, to an expert who has been retained or specially employed by plaintiff's attorney in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff's attorney and a copy shall be furnished to defendants' attorneys upon their request.

5.    Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

6.    If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court

enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

> This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

7.   However, where the confidential information is not material to issues addressed in court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

8.   Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, and all nonconforming copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys.

9. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the confidential materials in any manner.

Dated:  New York, New York
        _____, 2008

David Zelman, Esq.                      MICHAEL A. CARDOZO
Attorney for Plaintiff                  Corporation Counsel of the
612 Eastern Parkway                      City of New York
Brooklyn, New York 11225                Attorney for Defendants City of New York,
                                        Sergeant Azambuja, Officer Olahshina
                                        Williams, Officer Mark Lebrini, and
                                        Officer Frimpong
                                        100 Church Street
                                        New York, New York 10007

By: _____           By: _____
     David Zelman, Esq.                       Sarah B. Evans
                                              Assistant Corporation Counsel


                                        SO ORDERED:


                                        _____
                                        U.S.D.J.

5

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York in the action entitled <u>Jose Medina v. The City of New York, et al.</u>, 06 CV 6215 (AKH) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____          _____
Date                                      Signature

                                          _____
                                          Print Name

                                          _____
                                          Occupation