RECEIVED JUN 30 2008 CHAMBERS OF ALVIN K. HELLERSTEIN U.S.D.J.



**LAW OFFICE OF DAVID A. ZELMAN**
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072
Fax (718) 604-3072

Via Fax: 212 805-7942
Hon. Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

June 26, 2008

Re: Jose Medina v. The City of New York, et al.
07CV6215

Honorable Alvin K. Hellerstein:

[Handwritten annotation by Judge: Plaintiff's motion is denied. The nature of the relief requested is vague, and the statements in support are conclusory. The court expects both sides' counsel to act professionally. 7-2-08 AKH]

The parties write to your honor regarding plaintiff's application to limit certain questions of non party witnesses by defense counsel at deposition and for other relief. In the past two days, three non party witnesses have testified at defense counsel's office located at 100 Church Street. It is plaintiff's contention that defense counsel is seeking to intimidate these witnesses in an effort to scare them away from testifying at the trial of this action. The next deposition is scheduled for Monday, June 30. I am informed that the witnesses statements for those witnesses who testified were timely exchanged pursuant to your Honor's written order.

This is a false arrest and excessive force action in which plaintiff, alleges he was confronted by officers who demanded identification. He testified that he refused to provide identification and was thereafter assaulted by two officers, in full view of multiple witnesses. Seven non party witnesses were disclosed, one of which was not present during the assault. Plaintiff alleges he was then placed in a police car, in handcuffs and dropped on a street several blocks away. Defendants have denied the allegations, produced no documentation of any arrest and insisted, at least in the documents produced, that there was no physical contact between the parties to this action or even an arrest.

Defense counsel recently subpoenaed the seven non party witnesses, which were to testify three per day. None of the subpoenas, as received in my office, indicated the subject matter to which the witnesses would testify, other than having the caption of this matter. All the witnesses live in the Bronx, however, they were subpoenaed to 100 Church Street in downtown Manhattan. Most of the witnesses, through discussions my office has had with them, did not receive the subpoena. However, they did attend at the stated time because my office contacted them and

1

USDC SDNY DOCUMENT ELECTRONICALLY FILED DATE FILED: 7/2/08

informed them where to go and when to be there.

Three witnesses who appeared at 100 Church Street at or near the appointed time were told that they would not be able to testify that day. They were thereafter rescheduled.

Defense counsel has taken a minimum of four hours with each witness, regardless of their ability to speak English. Defense counsel has asked all of the witnesses: Have you ever been arrested? Have you ever sued the City? Have you ever been a civil litigant? Have you ever been a criminal defendant? Why did you come to America? Have you ever been fired from a job? Although I did not personally attend the depositions, I am informed that these questions, or very similar ones were asked of each witness.

One particular exchange of a witness who produced a photo of the plaintiff during the arrest was asked by defense counsel why he came to the America. The witness stated to visit his brother who was in jail. Counsel followed up with why the brother was in jail, what was the brothers sentence etc. to which the witness indicated he did not want to answer. Counsel then persisted with what is your brother's name? Again, the witness did not want to answer the question, however, conceded to defense counsel's authority and supplied the brothers name. None of this material is in any way relevant to this matter and its sole purpose is to intimidate this witness.

I am concerned that defense counsel is inconveniencing these witnesses for an improper motive. Defense counsel's action may intimidate these witnesses by implying that testifying for the plaintiff may jeopardize their immigration status, may make them subject to perjury, will force them to disclose, under oath personal items such as litigation history and whether they were ever arrested before. The message conveyed to these witnesses, intentionally or otherwise, is that there is a price to assist Mr. Medina with his case. These are working people who needed to tell their employers that they had to take the day off from work to testify as a witness. Then, they are required to tell their employer that they must take off another day if they were not allowed to testify the first. Defense counsel paid these witnesses $40 regardless if they came back twice.

I ask that the Court limit the questioning to non intimidating questions regarding what these witnesses viewed on the date at issue. In addition, I ask the Court to require counsel to attend the remainder of these depositions in the Bronx where all of these witnesses reside. I ask the Court to instruct defense counsel not to ask questions regarding immigration status, criminal history or any other impeachment material such as whether the witness ever sued the City of new York. I ask that the Court limit these depositions to two hours maximum, unless defense counsel can show a unusual circumstance requiring more time.

Thank you for your consideration.

Respectfully Submitted:

2

 

                        LAW OFFICE OF DAVID A. ZELMAN

                        **David A. Zelman, Esq.**
                        612 Eastern Parkway
                        Brooklyn, New York 11225
                        (718) 604-3072

*Via fax:212 788 9776*
SARAH EVANS, ESQ.
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, New York 10007



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

SARAH B. EVANS
*Assistant Corporation Counsel*
Phone: (212) 788-1041
Fax: (212) 788-9776
sarvans@law.nyc.gov

June 30, 2008

**BY FAX**

*Fax*: 718-604-3074
David A. Zelman, Esq.
Attorney for Plaintiff
612 Eastern Parkway
Brooklyn, New York 11225

      Re:    <u>Jose Medina v. City of New York, et al.</u>, 07 Civ. 6215 (AKH)

Dear Mr. Zelman:

      Below please find defendants' response to plaintiff's application to the Court. Please insert the below response into plaintiff's proposed letter to the Court.

      <u>Defendants' Response</u>:

      Defendants respectfully request that the Court deny plaintiff's requests to (1) limit the questions posed of non-party witnesses in their respective upcoming depositions as the information to be requested of these witnesses is wholly relevant and reasonably calculated to lead to the discovery of admissible evidence at trial, and is not being requested for any improper purpose, (2) limit the depositions of the non-party witnesses to two hours, and (3) require defense counsel to conduct the remaining non-party depositions in the Bronx, and not at defense counsel's Office at 100 Church Street.

      As an initial matter, defendants note for the Court that plaintiff's counsel does not represent the non-party witnesses in this matter, and as such, we respectfully request that any statements made by plaintiff's counsel purportedly on their behalf should not be treated as such.

      Furthermore, I wish to clarify for the Court the circumstances surrounding the subpoenaing of non-party witnesses in this matter. Defense counsel issued subpoenas for seven non-party witnesses using the addresses provided by plaintiff in his initial disclosures and/or additional correspondence. The day before the first non-party depositions were scheduled to take place, plaintiff's counsel advised me that he had just learned that none of the scheduled witnesses

had been served with the subpoenas. I later learned the reason why the vast majority of the subpoenas were not able to be served. During the three non-party depositions conducted to date, I learned that the addresses provided by plaintiff's counsel for these non-party witnesses were either incorrect and/or incomplete. During the three non-party depositions conducted thus far, each witness provided either a different spelling of his/her address than plaintiff's counsel previously provided and/or additional information, such as an apartment number, which would have been necessary and helpful in serving the subpoenas on these witnesses. Notwithstanding the above, defense counsel thanked plaintiff's counsel for reaching out to each of the non-party witnesses to assist in scheduling these depositions. Moreover, before the start of each deposition conducted thus far, defense counsel provided each non-party witness the original copy of the respective subpoena which was attempted to be served and a check for $40.00.

In his application to the Court, plaintiff's counsel requests that the Court limit the remaining non-party depositions to two hours maximum, regardless of whether these depositions are conducted in English or in Spanish with an interpreter, unless defense counsel can show an "unusual circumstance requiring more time." Defendants respectfully request that the Court deny plaintiff's request. Pursuant to Rule 30(d)(1) of the Federal Rules of Civil Procedure, defense counsel is entitled to one day of seven hours to conduct each non-party witness' deposition. Defense counsel has attempted to conduct each of the non-party depositions as expeditiously as possible. There have been three non-party witness depositions to date; one in English, and two in Spanish with an interpreter. Contrary to plaintiff's assertions, the deposition conducted in English was less than three hours including breaks, and the two depositions which required an interpreter were approximately five hours including breaks. Furthermore, these times factor in that at the end of each deposition, plaintiff's counsel posed questions of each witness. Defendants respectfully submit that depositions requiring an interpreter unavoidably last longer. Notwithstanding, defense counsel did not exceed the seven hour limit imposed under the Federal Rules, and made efforts to conduct the depositions as expeditiously as possible so as to the limit the length of time required of each witness. In view of the foregoing, defendants respectfully request that the Court deny plaintiff's request.

Plaintiff's counsel also requests that the Court order the remaining non-party depositions to take place in the Bronx, and not at defense counsel's Office at 100 Church Street. Defendants respectfully request that the Court deny plaintiff's request. Defense counsel respectfully submits that plaintiff's proposal is not consistent with the Federal Rules of Civil Procedure. Pursuant to Rules 30(b) and 45 of the Federal Rules of Civil Procedure, each of the non-party witnesses has been subpoenaed to appear at defense counsel's Office, located at 100 Church Street, for a deposition in this matter. Defense counsel is paying for these depositions, selected the Office of the Corporation Counsel for these depositions, and specified the location on each of the subpoenas issued. Moreover, defendants respectfully submit that plaintiff's proposal is not practical and will force defendants to unnecessarily incur additional costs and fees to take these non-party depositions since defense counsel will then need to expend money to secure a space to conduct these depositions. Accordingly, defendants respectfully request that the Court deny plaintiff's request.

Defense counsel notes that I had originally scheduled several depositions in one day. However, because an interpreter was required for the majority of the depositions conducted

-2-

to date, the depositions ran longer than anticipated, and depositions had to be pushed back and/or rescheduled.[1] I apologized to any of the witnesses whose deposition began later than scheduled and/or needed to be rescheduled to a different date or time. Going forward, I assure the Court and plaintiff's counsel that these non-party depositions will be scheduled accordingly and factor in the time required to conduct the deposition with an interpreter.

Finally, in his application to the Court, plaintiff requests that the Court limit the questions posed of non-party witnesses in their respective upcoming depositions. Plaintiff has requested that defense counsel not be permitted to ask the witness' basic questions which are wholly relevant and reasonably calculated to lead to the discovery of admissible evidence at trial. Defendants respectfully submit that the questions asked of these witnesses are relevant to evaluate the testimony, credibility and potential bias of each alleged witness, are proper, and are not being asked for any improper motive or purpose. Defense counsel further submits that the information sought is relevant to each of the non-party witness' perception of the alleged incident. Defendants respectfully submit that questions regarding the non-party witnesses' prior lawsuits, prior testimony, and arrest history is wholly relevant and reasonably calculated to lead to the discovery of admissible evidence.

Moreover, contrary to plaintiff's assertion, defense counsel has asked each witness whether he/she is a citizen of the United States, where they currently reside, when they moved to New York and/or the United States and from where. In the deposition of plaintiff's wife/girlfriend, the witness testified that she has resided in the United States for over ten years, that she is not a United States citizen, and that she just applied for citizenship within the past week. In this instance, I asked follow-up questions concerning why she had never applied before and whether anyone encouraged her to apply for citizenship. Defense counsel respectfully submits that the information sought is relevant and reasonably calculated to lead to the discovery of admissible evidence, and that the questions were not asked with an improper motive or for an improper purpose.

Defense counsel seeks to clarify the questioning of the one non-party witness to which plaintiff refers in his application. In that instance, defense counsel asked questions concerning the witness' current residence and citizenship in the United States, and the witness volunteered that he moved to the United States in order to visit his brother who was in jail. In that instance, I asked limited follow-up questions and assured the witness that the line of questioning in that area would be brief, which in fact it was. Defense counsel did not press the questions that the witness refused to answer, such as the charge for which his brother was in jail and/or where he is/was incarcerated, and quickly moved on to another area of questioning wholly unrelated to the former questions. Defense counsel respectfully submits that the questions posed were relevant and reasonably calculated to lead to the discovery of admissible evidence, and that the questions were not asked with an improper motive or for an improper purpose.

---

[1] Defense counsel notes that while some of the depositions require an interpreter and some do not. Plaintiff's counsel has not advised me which ones require an interpreter.

-3-

In view of the foregoing, defendants respectfully request that the Court deny plaintiff's request that the Court limit the questions posed of non-party witnesses in their respective upcoming depositions.

Thank you for your attention to the within matters.

Respectfully submitted,

Sarah B. Evans
Assistant Corporation Counsel