UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- x

JOSE MEDINA,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
DENNIS AZAMBUJA shield # 00161, POLICE OFFICER
JOHN CAFARELLA shield # 01254, POLICE OFFICER
OLASHINA WILLIAMS shield # 25479, POLICE
OFFICER LEWIS HAMANDEZ shield # 25479, POLICE
OFFICER JASON IRIZARRY shield # 00490, POLICE
OFFICER JORGE TAVARAS shield # 10202, POLICE
OFFICER MARK LEBRINI shield # 04304, POLICE
OFFICER EBENEZER FRIMPONG shield # 20581,

Defendants.

-------------------------------------------------------------------------- x

**ANSWER TO THE
AMENDED COMPLAINT**

07 CV 6215 (AKH)

**JURY TRIAL DEMANDED**

This document has been
electronically filed.

Defendants Officer Irizarry, Sergeant Tavarez (incorrectly identified in the caption of the complaint) and former Officer Peter Cafarella,[1] by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Amended Complaint, respectfully allege, upon information and belief, as follows:

1.     Deny the allegations set forth in paragraph "1" of the amended complaint, except admit that plaintiff purports to bring this action as stated therein.

2.     Deny the allegations set forth in paragraph "2" of the amended complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

---

[1] The City of New York, Sergeant Azambuja, Officer Olahshina Williams, Officer Mark Lebrini, and Officer Frimpong previously served and filed an answer to the amended complaint. Additionally, the parties stipulated that the individual listed in the caption of the amended complaint as "Lewis Hamandez" would be dismissed from this lawsuit, and that "Stacy Hernandez" would be added as a party to the caption. Upon information and belief, the individual identified in the caption of the amended complaint as "Stacey Hernandez" has not been served with a copy of the summons and amended complaint, and has not requested representation from the Office of the Corporation Counsel.

3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the amended complaint.

4.    Deny the allegations set forth in paragraph "4" of the amended complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York, that the City of New York maintains a police department, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

5.    Deny the allegations set forth in paragraph "5" of the amended complaint, except admit that Dennis Azambuja was employed by the City of New York as a Police Officer in March 2007, and state that the allegations concerning acting within the scope of employment set forth legal conclusions, rather than averments of fact, to which no response is required.

6.    Deny the allegations set forth in paragraph "6" of the amended complaint, except admit that Peter Cafarella was employed by the City of New York as a Police Officer in March 2007, and state that the allegations concerning acting within the scope of employment set forth legal conclusions, rather than averments of fact, to which no response is required.

7.    Deny the allegations set forth in paragraph "7" of the amended complaint, except admit that Olahshina Williams was employed by the City of New York as a Police Officer in March 2007, and state that the allegations concerning acting within the scope of employment set forth legal conclusions, rather than averments of fact, to which no response is required.

8.    Deny the allegations set forth in paragraph "8" of the amended complaint, except admit that Stacey Hernandez was employed by the City of New York as a Police Officer

in March 2007, and state that the allegations concerning acting within the scope of employment set forth legal conclusions, rather than averments of fact, to which no response is required.

9. Deny the allegations set forth in paragraph "9" of the amended complaint, except admit that Jason Irizarry was employed by the City of New York as a Police Officer in March 2007, and state that the allegations concerning acting within the scope of employment set forth legal conclusions, rather than averments of fact, to which no response is required.

10. Deny the allegations set forth in paragraph 10" of the amended complaint, except admit that Jorge Tavarez was employed by the City of New York as a Police Officer in March 2007, and state that the allegations concerning acting within the scope of employment set forth legal conclusions, rather than averments of fact, to which no response is required.

11. Deny the allegations set forth in paragraph "11" of the amended complaint, except admit that Mark Lebrini was employed by the City of New York as a Police Officer in March 2007, and state that the allegations concerning acting within the scope of employment set forth legal conclusions, rather than averments of fact, to which no response is required.

12. Deny the allegations set forth in paragraph "12" of the amended complaint, except admit that Ebenezer Frimpong was employed by the City of New York as a Police Officer in March 2007, and state that the allegations concerning acting within the scope of employment set forth legal conclusions, rather than averments of fact, to which no response is required.

13. Deny the allegations set forth in paragraph "13" of the amended complaint, except admit that plaintiff purports to proceed as stated therein, and state that the allegations concerning acting under color of state law set forth legal conclusions, rather than averments of fact, to which no response is required.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the amended complaint.

15.    Deny the allegations set forth in paragraph "15" of the amended complaint.

16.    Deny the allegations set forth in paragraph "16" of the amended complaint.

17.    Deny the allegations set forth in paragraph "17" of the amended complaint.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the amended complaint.

19.    Deny the allegations set forth in paragraph "19" of the amended complaint.

20.    Deny the allegations set forth in paragraph "20" of the amended complaint.

21.    Deny the allegations set forth in paragraph "21," except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged injuries and treatment, and admit that plaintiff concedes he was never charged with a crime in connection with the alleged March 31, 2007 incident.

22.    Deny the allegations set forth in paragraph "14"of the amended complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller and that no payment has been made on the purported claim.

23.    Deny the allegations set forth in paragraph "15"of the amended complaint, except admit that no payment has been made on the purported claim.

24.    In response to the allegations set forth in paragraph "24" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "23" inclusive of this answer, as if fully set forth herein.

25.    Deny the allegations set forth in paragraph "25" of the amended complaint.

26.    Deny the allegations set forth in paragraph "26" of the amended complaint.

27.    Deny the allegations set forth in paragraph "27" of the amended complaint.

28.    Deny the allegations set forth in paragraph "28" of the amended complaint.

29.    Deny the allegations set forth in paragraph "29" of the amended complaint.

30.    Deny the allegations set forth in paragraph "30" of the amended complaint.

31.    Deny the allegations set forth in paragraph "31" of the amended complaint.

32.    Deny the allegations set forth in paragraph "32" of the amended complaint.

33.    Deny the allegations set forth in paragraph "33" of the amended complaint.

34.    Deny the allegations set forth in paragraph "34" of the amended complaint.

35.    Deny the allegations set forth in paragraph "35" of the amended complaint.

36.    Deny the allegations set forth in paragraph "36" of the amended complaint.

37.    Deny the allegations set forth in paragraph "37" of the amended complaint.

38.    Deny the allegations set forth in paragraph "38" of the amended complaint.

39.    Deny the allegations set forth in paragraph "39" of the amended complaint.

40.    In response to the allegations set forth in paragraph "40" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "39" inclusive of this answer, as if fully set forth herein.

41.    Deny the allegations set forth in paragraph "41" of the amended complaint.

42.    Deny the allegations set forth in paragraph "42" of the amended complaint.

43.    Deny the allegations set forth in paragraph "43" of the amended complaint.

44.    Deny the allegations set forth in paragraph "44" of the amended complaint.

45.    Deny the allegations set forth in paragraph "45" of the amended complaint.

46.    Deny the allegations set forth in paragraph "46" of the amended complaint.

47.    In response to the allegations set forth in paragraph "47" of the amended complaint, 'defendants repeat and reallege the responses set forth in paragraphs "1" to "46" inclusive of this answer, as if fully set forth herein.

48.    Deny the allegations set forth in paragraph "48" of the amended complaint.

49.    Deny the allegations set forth in paragraph "49" of the amended complaint.

50.    Deny the allegations set forth in paragraph "50" of the amended complaint.

51.    Deny the allegations set forth in paragraph "51" of the amended complaint.

52.    Deny the allegations set forth in paragraph "52" of the amended complaint.

53.    Deny the allegations set forth in paragraph "53" of the amended complaint.

54.    Deny the allegations set forth in paragraph "54" of the amended complaint.

55.    Deny the allegations set forth in paragraph "55" of the amended complaint.

56.    Deny the allegations set forth in paragraph "56" of the amended complaint.

57.     Deny the allegations set forth in paragraph "57" of the amended complaint.

58.     Deny the allegations set forth in paragraph "58" of the amended complaint.

59.     Deny the allegations set forth in paragraph "59" of the amended complaint.

60.     Deny the allegations set forth in paragraph "60" of the amended complaint.

61.     In response to the allegations set forth in paragraph "61" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "60" inclusive of this answer, as if fully set forth herein.

62.     Deny the allegations set forth in paragraph "62" of the amended complaint.

63.     Deny the allegations set forth in paragraph "63" of the amended complaint.

64.     Deny the allegations set forth in paragraph "64" of the amended complaint.

65.     Deny the allegations set forth in paragraph "65" of the amended complaint.

66.     Deny the allegations set forth in paragraph "66" of the amended complaint.

67.     Deny the allegations set forth in paragraph "67" of the amended complaint.

68. Deny the allegations set forth in paragraph "68" of the amended complaint.

69. Deny the allegations set forth in paragraph "69" of the amended complaint.

70. In response to the allegations set forth in paragraph "70" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "69" inclusive of this answer, as if fully set forth herein.

71. Deny the allegations set forth in paragraph "71" of the amended complaint.

72. Deny the allegations set forth in paragraph "72" of the amended complaint.

73. Deny the allegations set forth in paragraph "73" of the amended complaint.

74. Deny the allegations set forth in paragraph "74" of the amended complaint.

75. In response to the allegations set forth in paragraph "75" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "74" inclusive of this answer, as if fully set forth herein.

76. Deny the allegations set forth in paragraph "76" of the amended complaint.

77. Deny the allegations set forth in paragraph "77" of the amended complaint, except state that the allegations concerning acting within the scope of employment set forth legal conclusions, rather than averments of fact, to which no response is required.

78.    Deny the allegations set forth in paragraph "78" of the amended complaint.

79.    Deny the allegations set forth in paragraph "79" of the amended complaint, except state that the allegations concerning the doctrine of respondeat superior set forth legal conclusions, rather than averments of fact, to which no response is required.

80.    Deny the allegations set forth in paragraph "80" of the amended complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

81.    The amended complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

82.    At all times relevant to the acts alleged in the amended complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

83.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

84.    Plaintiff has failed to comply with New York General Municipal Law §50-e.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

85.    Plaintiff provoked any incident.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

89.    The actions of any officer involved were justified by probable cause and/or reasonable suspicion.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

90.    There was reasonable suspicion and/or probable cause for any search.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

91.    There was probable cause for plaintiff's arrest and detention.

## AS FOR A NINTH AFFIRMATIVE DEFENSE

92.    Defendants Officer Irizarry, Sergeant Tavarez and former Officer Cafarella have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**WHEREFORE,** defendants Officer Irizarry, Sergeant Tavarez former Officer Cafarella request judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          July 25, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants City of New York,
Sergeant Azambuja, Officer Olahshina Williams,
Officer Mark Lebrini, Officer Frimpong, Officer
Irizarry, Sergeant Tavarez, former Officer Cafarella
100 Church Street,
New York, New York 10007
(212) 788-1041

By:    _____
        Sarah B. Evans
        Assistant Corporation Counsel
        Special Federal Litigation

To:    David Zelman, Esq. (By ECF)

- 11 -