

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/28/08

**LAW OFFICE OF DAVID A. ZELMAN**
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072
Fax (718) 604-3072



Via Fax: 212 805-7942
Hon. Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

July 22, 2008

Re: Jose Medina v. The City of New York, et al.
07CV6215

Honorable Alvin K. Hellerstein:

I am the attorney for the plaintiff. This is a civil rights action in which the plaintiff alleges he was assaulted by police officers, placed in handcuffs and dropped on a street without being charged with a crime.

Approximately two weeks ago, your Honor conducted a telephone conference with myself and defense counsel. At the conference, your Honor ruled that defense counsel would produce photos of the defendant officers to plaintiffs counsel. To date, this has not occurred.

In email correspondence with defense counsel today, defense counsel for the first time indicated that the City will not produce photos of the defendant officers unless and until the plaintiff attends a photo array at which an officer's photo will be produced as well as "filler" officer. No date for the photo array was suggested by defense counsel.

This office now seeks an Order compelling defendant to produce color photos of the defendant officers and any officer responding to the scene of the incident to plaintiff's counsel.

Thank you for your consideration.

Respectfully Submitted:

**LAW OFFICE OF DAVID A. ZELMAN**

1

                                    **David A. Zelman, Esq.**
                                    612 Eastern Parkway
                                    Brooklyn, New York 11225
                                    (718) 604-3072

*Via fax: 212 788 9776*
SARAH EVANS, ESQ.
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, New York 10007



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

SARAH B. EVANS
*Assistant Corporation Counsel*
Phone: (212) 788-1041
Fax: (212) 788-9776
saevans@law.nyc.gov



July 25, 2008

**BY FAX**

*Fax:* (212) 805-7942
Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  <u>Jose Medina v. City of New York, et al.</u>, 07 Civ. 6215 (AKH)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to handle the defense of this matter. I write in opposition to plaintiff's letter to the Court dated July 22, 2008, and respectfully request that the Court deny plaintiff's request to compel.

      By way of background, plaintiff claims that he was falsely arrested and assaulted on March 31, 2007 by two New York City Police Officers from the 40th Precinct. Defendants deny that plaintiff was falsely arrested or subjected to excessive force, and submit that based on plaintiff's allegations, there is no documentation obtained to date to support that plaintiff was transported to the 40th Precinct for arrest processing as he claims.

      Contrary to plaintiff's assertions in his letter, defense counsel intends to produce to plaintiff photographs of the named officers. Defense counsel has been working with the New York City Police Department to obtain photographs of the officers named as defendants. As I previously advised plaintiff's counsel before he prepared his letter to compel, I anticipate that I will obtain these photographs within the next week, and will produce them thereafter. In this regard, we seek to produce photographs of the named officers to plaintiff in photo array format. For the reasons explained below, we respectfully submit that production of these photographs in photo array format is appropriate, more reliable for the purposes with which the photographs will be used in this litigation, and will likely avoid problems of unfair and undue prejudice.

As Your Honor may recall, plaintiff has represented to the Court that he needs photographs of the named officers in order to show these images to plaintiff and the non-party witnesses to find out whether they saw any of these officers during the alleged incident.

Significantly, during plaintiff's deposition, plaintiff was unable to provide *any* description of the officers he claims arrested and assaulted him on March 31, 2007, other than the fact that there were two males. Moreover, in the three non-party depositions conducted thus far, two of the witnesses were not been able to provide any description of the officers, and one witness testified that there were two males, one white and one Hispanic, but could not provide any other description. While plaintiff has named eight officers as defendants in this action (six male and two female), the individuals plaintiff has named as defendants are those listed on a New York City Police Department document produced to plaintiff during discovery. The document, entitled Unusual Occurrence Report, indicates that several police officers responded to a radio call of an assault on March 31, 2007, and upon responding, observed plaintiff who was highly intoxicated and apparently injured. EMS was called to arrive at the scene, but prior to EMS arriving, plaintiff's wife and another male relative arrived at the scene and took plaintiff home. Shortly thereafter, some of the same officers received another radio call and responded to the location provided in the call, which turned out to be plaintiff's residence. EMS was then called and plaintiff was transported to the hospital. The officers who have been deposed to date have testified that they did not arrest plaintiff, and that they were not present during an alleged arrest or assault of plaintiff on March 31, 2007; the testimony of the remaining officers is expected to be the same or substantially similar.

Plaintiff bears the ultimate burden of establishing which officers were personally involved in the alleged unconstitutional acts. In light of the fact that plaintiff has been unable to provide any physical description of the officers he claims arrested and assaulted him, defendants first seek to conduct a photo array with plaintiff using the defendant officers' photographs mixed with "filler" photographs. Defendants respectfully submit that, in light of plaintiff's deposition testimony, conducting a photo array with plaintiff is critical before the photographs of the named officers are produced to plaintiff's counsel and subsequently shown to the non-party witnesses. While plaintiff's counsel insists in his letter that defense counsel did not suggest a date for a photo array with plaintiff, this is wholly inaccurate. Specifically, on July 23, 2008 at approximately 3:30 p.m.,[1] defense counsel advised plaintiff's counsel in writing that we would like to conduct a photo array with plaintiff either in the middle of the week of July 28th or the first week of August. I requested that plaintiff's counsel provide me with a date that plaintiff would be available for a photo array so that I could make the necessary arrangements, including hiring a Court reporter and translator. In response, plaintiff's counsel stated "Im [sic] not doing any photo array" and never provided any dates that he and/or plaintiff were available for same.

Accordingly, defense counsel respectfully requests that the Court order plaintiff to be made available for a photo array prior to the production of any photographs of the named officers in this matter.

---

[1] Defendants note that plaintiff's letter is incorrectly dated July 22, 2008. Plaintiff's counsel's letter was faxed to defendants on July 23, 2008 at 5:45 p.m.

Moreover, defendants respectfully request that the Court order that production of photographs of the named officers in photo array format is permissible and appropriate. Defendants respectfully submit that producing photographs of the named officers in photo array format is preferable, more reliable for the purposes with which plaintiff seeks to utilize them, and that producing single photos of the named officers to plaintiff so that he can show them to plaintiff and the non-party witnesses to find out whether they saw any of these officers during the alleged incident would be unduly prejudicial to the officers and raises security and privacy concerns.[2]

As a practical matter, production of these photographs in photo array format would permit plaintiff to accomplish his same objective and will lead to more reliable results. In this regard, the parties can show the same photo arrays to the non-party witnesses as shown to plaintiff. Defendants respectfully submit that showing only single photographs of the named officers, not in photo array format, to plaintiff and the non-party witnesses would be unduly prejudicial, misleading, and not reliable.

Accordingly, we respectfully submit that conducting photo arrays is more appropriate, reliable, and avoids the problems of unfair and undue prejudice in showing only single photos of the named officers to each witness.

In view of the foregoing, defendants respectfully request that the Court order (1) plaintiff to be made available for a photo array prior to the production of any photographs of the named officers in this matter; (2) deny plaintiff's request to compel as moot and order that production of photographs of the named officers in photo array format is appropriate. Thank you for your consideration in this matter.

Respectfully submitted,

Sarah B. Evans
Assistant Corporation Counsel

---

[2] The Legal Division of the New York City Police Department has advised me that production of single photographs of the named officers presents serious security and privacy concerns, even if produced subject to a Stipulation and Protective Order, and that production of these photographs for the purposes requested by plaintiff would be unduly prejudicial to the officers.

-3-