


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/13/08

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

SARAH B. EVANS
*Assistant Corporation Counsel*
Phone: (212) 788-1041
Fax: (212) 788-9776
sacvans@law.nyc.gov

August 12, 2008

**BY FAX**
*Fax:* (212) 805-7942
Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Jose Medina v. City of New York, et al., 07 Civ. 6215 (AKH)

Your Honor:

[Handwritten note: Def't at this point is entitled to discovery for 5 years prior to suit, and including the records relating to pl.'s 2007 injury / recovery. 8-13-08 A.K. Hellerstein]

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to handle the defense of this matter. I write to respectfully request that the Court Order plaintiff to provide, by a date certain, (1) medical releases for any medical treatment (physical, emotional and psychological) received by plaintiff within the past ten years, (2) an authorization for the release of his New York City Police Department records concerning prior arrests, and (3) an authorization for the release of his employment records for C-Town, where he was working at the time of the alleged incident. Defendants require the requested releases so that we can properly evaluate plaintiff's alleged claims and purported injuries.

      I have discussed these matters in good faith with plaintiff's counsel, David Zelman, Esq., in an attempt to reach a resolution without the Court's intervention, but unfortunately we have been unable to reach an agreement on the matters raised herein. In accordance with Rule 2(E) of Your Honor's Individual Practices, we submit the following joint letter.

      By way of background, plaintiff claims that he was falsely arrested and assaulted on March 31, 2007 by two New York City Police Officers from the 40th Precinct. Plaintiff claims that as a result of the alleged incident, he sustained physical and psychological injuries,

1

including injuries to his left thumb/finger, chest and ribs, and plaintiff claims that these injuries have not entirely healed. Plaintiff also claims he notified his employer about the alleged incident, and that because his alleged physical injuries made it difficult for him to work, his employer accommodated him by altering his job responsibilities.

At the start of discovery, defendants served plaintiff with discovery requests, which included requests that plaintiff complete authorizations for any medical treatment he has received within the past ten (10) years, a release for New York City Police Department records concerning any prior arrests and/or convictions, and authorizations for employment records. In responding to defendants' discovery requests, plaintiff did not return these requested releases.

Moreover, during plaintiff's deposition on June 17, 2008, defendants requested that plaintiff execute the above releases. Plaintiff's counsel sent another attorney to cover plaintiff's deposition, and that attorney requested that we submit requests in writing to plaintiff's counsel for execution of these releases. On June 24, 2008, I wrote to plaintiff's counsel as a follow-up to the deposition and detailed the releases we required based on plaintiff's testimony. Specifically, I requested that plaintiff provide:

> (1) executed medical releases for treatment received by plaintiff (physical and/or psychological) in the past ten years, including but not limited to releases for North Center Hospital, and a doctor/chiropractor whose office is located at 78th Street and Park Avenue (by the name Dr. Mien);
>
> (2) a release for plaintiff's employment records from C-Town, which was plaintiff's employer at the time of the alleged incident and is his current employer; and
>
> (3) a release for plaintiff's workers' compensation records since plaintiff testified that he has applied for workers compensation, at a minimum in connection with another incident in 2001.

In requesting that these releases be provided, I reminded plaintiff's counsel that blank copies of these releases were attached to defendants' discovery requests. I requested that, to avoid Court intervention, he provide me the executed releases by no later than July 1, 2008.

On July 3, 2008, since I had not received the requested releases from plaintiff, I sent plaintiff another letter requesting the same information, and this time explained in more detail why we requested the information/releases. I requested that plaintiff provide the information by no later than July 9, 2008, or I would be forced to seek Court intervention.

To date, plaintiff's counsel has still failed to provide the requested releases, and as a result, for the reasons explained more fully below, defendants respectfully request that the Court order plaintiff to provide same by a date certain.

A.  **Executed Releases for Plaintiff's Medical Records for Treatment Received Over the Past Ten Years**

Plaintiff claims that he sustained both physical and psychological injuries as a result of the alleged incident. In particular, plaintiff claims that he sustained superficial cuts and bruises as well as injuries to his left thumb/finger, chest and ribs, and he claims that these injuries have not entirely healed. During his deposition, however, plaintiff testified that he had sustained prior physical injuries during a slip-and-fall in 2001, including but not limited to injuries to his left arm and back, that he received medical treatment as a result of those injuries, and that on March 31, 2007, the day of the alleged incident in this case, he was still injured from the 2001 incident. Plaintiff claims that he sought treatment at North Center Hospital and from a chiropractor whose office is located at 78th Street and Park Avenue in connection with the 2001 incident.

Defendants submit that because plaintiff asserts that he has suffered physical and emotional injuries as a result of the alleged incident, any treatment for physical, emotional or psychological injuries that plaintiff has received over the past ten years is necessary to determine whether plaintiff's alleged injuries stem from the underlying incident or from some other source unrelated to this lawsuit. In making a claim for physical and psychological injuries, plaintiff has placed his prior medical health, both physically and psychologically, squarely at issue in this lawsuit, and he cannot selectively decide what information to reveal and to withhold. See e.g. Cockrum v. Johnson, 917 F. Supp. 479, 482 (E.D. Tex. 1996); see also Gill v. Gilder, 95 Civ. 7933 (RWS), 1997 U.S. Dist. LEXIS 10833, at *8 - *9 (S.D.N.Y. July 28, 1997) (plaintiff waived his right to privacy in his medical records by placing his medical condition into issue); Crawford v. Manion, No. 96 Civ. 1236, 1997 U.S. Dist. LEXIS 4237, at *6 (S.D.N.Y. Mar. 31, 1997) (holding that plaintiff waived his right to privacy in his medical records by bringing a lawsuit in which his medical history was a pertinent issue). Plaintiff's prior medical records are necessary in order for defendants to fully assess the nature, cause and extent of plaintiff's alleged claims and injuries.

Furthermore, these records are necessary for defendants to conduct expert discovery, including retaining an expert, conducting a physical examination of plaintiff and evaluating plaintiff's alleged injuries. Without plaintiff's prior medical records, especially those pertaining to an incident in which plaintiff sustained physical bodily injuries, defendants are prohibited from conducting a full investigation into plaintiff's alleged injuries in this case, and will be prejudiced. Should defendants retain an expert, the expert will not be able to review the objective notes prepared by medical personnel who previously treated plaintiff for physical injuries, and will be forced to rely solely on plaintiff's testimony and self-serving allegations. Defendants respectfully submit that we should be entitled to conduct a thorough investigation into the nature, extent and cause of plaintiff's alleged injuries in this case, which would include obtaining information pertaining to prior physical and/or injuries for which plaintiff sought treatment.

Accordingly, in light of plaintiff's allegations and his deposition testimony, defendants respectfully request that the Court order plaintiff to execute releases for prior medical treatment (physical, emotional and psychological) for the past ten years, including but not limited to releases for his records from North Center Hospital and chiropractor Dr. Mien. Moreover, because it can take up to one month to obtain medical records once a properly executed release is received, defendants respectfully request that the Court order plaintiff to provide these releases by a date certain (no later than August 15, 2008).

**B.     An Authorization for the Release of Plaintiff's New York City Police Department Records Concerning Prior Arrests**

Defendants have requested that plaintiff execute an authorization for the release of his New York City Police Department records concerning prior arrests.

Plaintiff claims that he suffered psychological and emotional injuries as a result of the alleged false arrest in this case. During his deposition, however, plaintiff testified that he was previously arrested in 1997 for drunk driving. While defendants deny that plaintiff was falsely arrested on March 31, 2007, and submit that based on plaintiff's allegations, there is no documentation obtained to date to support that plaintiff was transported to the 40th Precinct for arrest processing as he claims, defendants respectfully submit that information pertaining to plaintiff's prior arrests is still wholly relevant and likely to lead to the discovery of admissible evidence on plaintiff's false arrest/detention claim.

Defendants respectfully submit that any information pertaining to prior arrests or convictions directly bears on the nature and extent of injuries plaintiff may have incurred, and therefore is relevant and reasonably calculated to lead to the discovery of admissible evidence. At a minimum, this information is discoverable as it can be admissible to mitigate or controvert damages. See, e.g. Udemba v. Nicoli, 237 F.3d 8, 12 (1st Cir. 2001) (holding that admission of evidence of other bad acts to assist the jury in measuring the extent of damages in a § 1983 action is a legitimate, non-character-based use of such evidence, and therefore is not precluded by Federal Rule of Evidence 404(b)) (collecting cases).

Accordingly, City defendants respectfully request that the Court order plaintiff, by a date certain, to provide an executed release so that defendants are able to obtain any records that may exist in connection with plaintiff's prior arrest(s) and conviction(s).

**C.     An Authorization for the Release of Plaintiff's Employment Records from C-Town, Where He Was Working at the time of the Alleged Incident**

Defendants initially requested that plaintiff provide releases for his employment records for the past ten (10) years. At a minimum, defendants request that plaintiff provide a release for his employer at or near the time of the incident and for the previous five (5) years. Plaintiff testified in his deposition that he currently works at C-Town (a grocery store), and that he has been working there for the past 18 years, including at or near the time of the alleged

incident. Defendants respectfully request that the Court order plaintiff to provide an authorization for the release of his employment records from C-Town.

Defendants respectfully submit that plaintiff's employment records at or near the time of the incident are wholly relevant and may lead to the discovery of admissible evidence as to the nature, extent and duration of plaintiff's alleged damages and injuries. Specifically, plaintiff claims he notified his employer about the alleged incident, and that because his alleged physical injuries made it difficult for him to work, his employer accommodated him by altering his job responsibilities. Plaintiff's employment records are wholly relevant as to those allegations.

Moreover, in light of plaintiff's deposition testimony that he was involved in a slip and fall in 2001, and sustained injuries as a result of that accident, defendants submit that any accommodations in plaintiff's employment duties dating back to 2001 are relevant and likely to lead to the discovery of admissible evidence. For example, if the 2001 incident affected plaintiff's ability to perform his job, the employment records are relevant as to those allegations and may lead to the discovery of admissible evidence to controvert plaintiff's alleged damages in this case.

Accordingly, defendants respectfully request that the Court order plaintiff, by a date certain, to provide employment releases for plaintiff's employer(s) dating back to 2001.

**D.    An Authorization for the Release of Plaintiff's Worker's Compensation Records**

Defendants have requested that plaintiff complete a release for his worker's compensation records. During his deposition, plaintiff testified that he has applied for worker's compensation, but to date has refused to provide a release for these records so that defendants can obtain any records that may exist in connection with any claim(s) by plaintiff. Given plaintiff's claim for physical and emotional injuries in this case, defendants submit that this information is relevant to determine whether plaintiff's alleged injuries resulted from the underlying incident or from some other source unrelated to this lawsuit.

Additionally, because plaintiff is seeking damages, defendants are entitled to discovery the types of claims plaintiff has made in the past and the amount, if any, of benefits and/or payments plaintiff has received from collateral sources. The information sought is wholly relevant and may lead to the discovery of admissible evidence to controvert plaintiff's alleged damages in this case.

Accordingly, defendants respectfully request that the Court order plaintiff to complete a release for his worker's compensation records.

5

**Conclusion**

Without the releases requested herein, defendants cannot fully investigate the allegations in the complaint or assess the nature, cause and extent of plaintiff's alleged injuries and damages. In this regard, defendants respectfully submit that we require the releases in order to conduct a full investigation into plaintiff's claims, and that it is the most practical method to ensure receipt of the entirety of these records within the time period remaining to conduct fact discovery. Accordingly, defendants respectfully request that the Court order the plaintiff to provide the requested releases by a date certain. Thank you for your consideration herein.

Respectfully submitted,

Sarah B. Evans
Assistant Corporation Counsel

**Plaintiff's Response:** see next page

**LAW OFFICE OF DAVID A. ZELMAN**
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072
Fax (718) 604-3072

Via Fax: 212 805-7942
Hon. Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

August 12, 2008

Re: Jose Medina v. The City of New York, et al.
07CV6215

Honorable Alvin K. Hellerstein:

    I am the attorney for the plaintiff in the above captioned matter. This is a civil rights action in which the plaintiff alleges that he was assaulted by police officers after refusing to provide identification, placed in handcuffs, forced into a police vehicle and driven several blocks and finally dropped on a street without being charged with any crime. There were approximately six eye witnesses to this incident, three of whom were deposed. The officers deposed to date deny any arrest or assault took place and simply state that when police arrived at the scene, the plaintiff was already injured. When presented with photographic evidence of the arrest, both officers testified that they could not identity the officers in the photo.

    This letter is submitted in opposition to defense counsel's letter dated July 31, 2008 seeking certain discovery from the plaintiff in this matter. Specifically, defense counsel seeks releases for medical treatment and workers compensation records unrelated to the within incident, a release for a 1997 arrest and five years of employment records. Defense counsel and I discussed these demands several times and we have been unable to reach a satisfactory compromise. These discussions were had almost immediately after defense counsel made these demands and thereafter. Any insinuation by defense counsel that plaintiff's counsel did not respond to defense counsel's demands for these releases is belied by the extensive email and telephone contact myself and defense counsel have had during the pendency of this action. Soon after these demands were made, I contacted defense counsel and informed her that the demands for records pertaining to a 1997 arrest, 2001 medical records unrelated to the injuries sustained in the incident and ten years (subsequently reduced to five years) employment records where plaintiff is not claiming a loss of income were irrelevant to the claims in this case. For the following reasons, all of these discovery requests should be denied.

1

Plaintiff alleges that as a direct result of the incident he sustained a fracture to the proximal phalanx of his left thumb which was surgically reduced. Defense counsel was provided with all treatment records relating to that injury including plaintiff's treatment immediately following the incident at Lincoln Hospital. An expert report was also exchanged regarding plaintiff's thumb injury. Upon belief, plaintiff has never injured his thumb prior to the within incident. Additionally, plaintiff sustained many wounds to his face, back, head and body following repeated punches and kicks to plaintiff's person. Records regarding these injuries which are maintained by Dr. James R. Mcgee, a chiropractic orthopedist were exchanged with defense counsel on or about June 20, 2008.

Defense counsel now seeks records relating to a August, 2001 slip and fall accident and all of the treatment records related to that accident as well as the worker's compensation records relating to that on the job accident. Plaintiff claims that he injured his left elbow in the 2001 accident as well as his back. This contrasts plaintiff's current claimed injury of a left thumb fracture as well as painful bruises and marks about his face, head and body. Plaintiff was treated and released at North Center Emergency room immediately after the 2001 accident. Thereafter, the patient reports he received physical therapy with Shahid Mian, M.D. 893 Park Avenue, New York, New York 10021 and Klara Sosina, M.D. 3058 Godwin Terrace, New York, New York 10464 following the accident for approximately one year. While the undersigned is not currently in possession of these 2001 records, the remoteness in time is self-evident. It is, however, clear that a blanket order for ten years of medical records is patently overbroad. (See, Kunstler v. City of New York, 2006 U.S. Dist. LEXIS 61 (SDNY, 2006) ( if defendants are in fact now seeking records of all medical care rendered to the plaintiffs starting ten years before their arrests and irrespective of what maladies the plaintiffs were being treated for, the request is self-evidently overbroad.) Because the injuries stemming from the 2001 accident do not sufficiently relate to the 2007 incident, the records are not discoverable. For example, there is no allegation of any elbow injury in the current matter. According to the plaintiff, there is no treatment for psychological injury stemming from the 2001 accident. Therefore, the hospital and medical records relating to the 2001 accident are too remote in time and subject matter to lead to any discoverable information.

The worker's compensation records relating to the 2001 accident are similarly remote in time. The workers compensation records appear to be irrelevant to the within emotional claims and physical injuries relating to a left thumb fracture and bruising and scars. Defense counsel has not adequately described why these records are relevant to plaintiff's false arrest and excessive force claims.

Defense counsel seeks a prior arrest record relating to a 1997 drunk driving arrest. These documents are clearly irrelevant to the within arrest. First, defendants deny arresting the plaintiff in this matter. Second, a 1997 arrest is more than ten years old and is therefore presumptively inadmissable at any trial of this action. Third, the 1997 arrest apparently related to a charge of drunk driving which has no relevance to this matter where it is not alleged that plaintiff committed any crime. Fourth, although the client admits that his recollection is fading of this

2

arrest, he reports that he was convicted of this offense via a plea. Therefore, any record of this conviction is a public record.

Lastly, defense counsel seeks employment records despite the fact that plaintiff is specifically not seeking lost income as a result of this incident. Plaintiff's employment at a supermarket does not relate to this incident at all except that the incident took place near the supermarket where the plaintiff is employed. As counsel pointed out, plaintiff had difficultly performing his job duties following the 2007 incident, however, he did return to work and is not claiming lost wages. Therefore, there is nothing in plaintiff's 2001-2006 employment records which could possibly related to this March 31, 2007 incident. Therefore, defendant's demand is overbroad.

If the Court is inclined to order production of any of the above records, the undersigned could attempt to secure a copy and exchange them only if they are in fact relevant to the underlying claims.

Thank you for your consideration.

Respectfully Submitted:

LAW OFFICE OF DAVID A. ZELMAN

David A. Zelman, Esq.
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072

Via fax: 212 788 9776
SARAH EVANS, ESQ.
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, New York 10007

3